## BOOK–OF–THE–MONTH CLUB, Inc. v. CHILDRENS BOOK & RECORD OF THE MONTH CLUB, Inc.

United States District Court
S. D. New York.

May 4, 1953.

Nims, Martin, Halliday, Whitman & Williamson, New York City, Wallace H. Martin, George M. Wolfson and Mansfield C. Fuldner, New York City, of counsel, for plaintiff.

Joseph Dean Edwards, New York City, for defendant.

EDELSTEIN, District Judge.

The Book-of-the-Month Club, Inc., has brought an action against the Childrens Book and Record of the Month Club, Inc., alleging trade-mark infringement, unlawful use of a trade or commercial name and acts of unfair competition by defendant. The complaint seeks, in addition to an accounting and damages, injunctive relief against the defendant's use of its corporate and club name or of any other name confusingly similar to the corporate and club name of the plaintiff. At issue now, by way of an order to show cause, is whether an injunction pendente lite should be granted.

Plaintiff, a "book club" established in 1926, does a large mail order book selling business in intrastate, interstate and foreign commerce. Its trade-mark "Book-of-the-Month Club" is registered under § 2(f) of the Lanham Act, 15 U.S.C. § 1052(f), 15 U.S.C.A. § 1052(f). Since 1950, the plaintiff has continuously distributed children's phonograph records under agreement with the Children's Record Guild, and its corporate name has been extensively advertised in the sale of children's records. It also distributes children's books under the title "Young Readers of America, A Book Club for Boys & Girls, Sponsored by Book-of-the-Month Club." The defendant was incorporated in October of 1952, and in December of that year began advertising the sale of children's books and records, concentrating exclusively on the 2 to 5 year old age group. Its publicized manner of operation closely parallels that of the plaintiff, in the use of a newsletter, a panel of judges, monthly selections, etc. In January of 1953 defendant commenced distribution of its monthly selections of records and books. The plaintiff had, in November of 1952, demanded that the defendant discontinue the use of its corporate name and of the expressions "Childrens Book and Record of the Month Club" and "a book and record of the month club."

■ The basic issue presented is one of unfair competition.[1] The plaintiff may acquire the right to the protection of its designation, "Book-of-the-Month Club", against unfair competition "if, through usage, the term has acquired a secondary meaning, that it has come to indicate that the goods in connection with which it is used come from a single source, manufacturer or producer. If one can show that his mark is endowed with this quality, that the public identifies his mark with goods manufactured by him, then he is entitled to protection in its use. The crux of a secondary meaning is the origin of the goods from a single source. As stated by Judge L. Hand, in Bayer Co. v. United Drug Co., D.C., 272 F. 505, 509, the public must understand by the term 'That it came from the same single, though, * * * anonymous, source from which they had got it before.'" National Nu Grape Co. v. Guest, 10 Cir., 164 F.2d 874, 877.

■ By this standard, I feel that the plaintiff has established the secondary meaning of its mark. For a number of years the plaintiff has expended annually in excess of $1,000,000 for its circularizing and advertising material. The members of the "club" are presently in excess of 525,000, and for many years the subscription list of the plaintiff has been numbered in the hundreds of thousands. For each of the past three years, gross sales, less returns and allowances, have amounted to more than $14,000,000. Affidavits of three book club and publishing executives, submitted by the plaintiff, indicate the success of the advertising and sales policies in establishing the secondary meaning of its name and mark. So long, so extensively and so consistently has the plaintiff used the designations "Book-of-the-Month" and "Book-of-the-Month Club" in connection with the books selected and sold by it that these designations have come to identify that company as

the selector and seller of the books. The defendant does not controvert these affidavits except to indicate that business relations exist between two of the three affiants and the plaintiff. I am, nevertheless, convinced of the truth of their allegations, which seem wholly reasonable in view of the undisputed factual data concerning the duration, size, promotion and success of the plaintiff's business.

■■ Once the secondary meaning of the designation "Book-of-the-Month Club" is established, it becomes readily apparent that unfair competition results from the defendant's use in its business of the designation "Childrens Book and Record of the Month Club". The wrong, in unfair competition, is the sale of the goods of one manufacturer or vendor for those of another. Elgin National Watch Co. v. Illinois Watch-Case Co., 179 U.S. 665, 674, 21 S.Ct. 270, 45 L.Ed. 365; Warner & Co. v. Eli Lilly & Co., 265 U.S. 526, 531, 44 S.Ct. 615, 68 L.Ed. 1161. The name adopted by the defendant, after many years of successful business operation by the plaintiff, and with the availability of an inexhaustible supply of language, is on its face confusingly similar to plaintiff's name. And in view of its engaging in a business similar to that of the plaintiff, with near identical methods of advertising, salesmanship and operation, the defendant's use of the name and designation in issue renders practically inevitable the likelihood of confusion of origin in the minds of the purchasing public, and is therefore unfairly competitive. Some evidence of actual confusion has been presented, after less than two months of operation by the defendant. But without regard to this evidence, which is not quantitatively significant, and without regard to a survey conducted by the plaintiff, which is qualitatively insignificant, I nevertheless encounter no difficulty in reaching the conclusion that the defendant, by the use of the

---

1. Defendant disputes the charge of trademark infringement on the ground that the mark "Book-of-the-Month Club" is merely descriptive and incapable of exclusive appropriation. But the registration provided under § 2(f) of the Lanham Act embraces "a mark used by the applicant which has become distinctive of the applicant's goods in commerce." Thus, the charges of infringement and of unfair competition, in this case, are essentially twin aspects of the same underlying problem.

name it has chosen, would almost certainly reap some benefit of the plaintiff's good will in the sale of books and records.

The achievement of such a result would clearly work irreparable injury to the plaintiff. Since I am convinced with reasonable certainty that the complaint must succeed at final hearing, and since the balance of convenience dictates that depriving the defendant of the advantage of a name it has chosen in the infancy of its business life is an insubstantial detriment compared with the prejudice to the plaintiff's good will if the defendant were permitted to continue its charted course, the preliminary injunctive relief sought will be granted.